## In re PEEKAMOOSE FISHING CLUB.

(Supreme Court, Appellate Division, First Department. July 31, 1896.)

VACATING ORDER FOR IRREGULARITY—LACHES.

> A motion to vacate an order as irregular will be denied on the ground of laches, where it was made eight months after the order was entered, and after it had been affirmed on appeal.

Appeal from special term, New York county.

Application by one of the two trustees of the Peekamoose Fishing Club for its dissolution. From an order denying a motion to vacate an order dissolving the corporation, and from an order directing the receiver to sell the property, Anthony W. Dimock and others appeal. Affirmed.

For decisions on appeals from orders, see 39 N. Y. Supp. 124.

Argued before BARRETT, RUMSEY, PATTERSON, and INGRAHAM, JJ.

G. H. Hart and B. C. Chetwood, for appellants.

D. McClure and F. Bien, for respondent.

PER CURIAM. The appellants have been guilty of gross laches in the making of the present motion. The orders which are complained of as irregular were made in October of last year, and the present motion was made in June of this year. Meanwhile the appellants have wasted their time in fruitless appeals from the orders which they now seek to set aside as irregular, and in applications to open the default which resulted in the making of the orders in question. They spent further time in appeals from the order denying their application to open this default. And now, when their incorrect practice has been brought home to them by repeated adjudications, they go back to where they were in October of last year, ignore their subsequent action, and ask directly to vacate the orders complained of as irregular. This motion to so vacate was properly denied, because of their laches, and because the steps which they took for relief against these orders were inconsistent with the present claim of irregularity. It matters not that the irregularity has been pressed upon the court in various phases of these other applications. We must look to the precise nature of these other applications, as formulated by the notices of motion, or orders to show cause,—not to the arguments addressed to the court thereupon,—to ascertain whether they were inconsistent with the present application. Clearly, an application to open a default, appealing to the discretion and favor of the court, proceeds upon an entirely different theory from an application to set aside the default, as matter of right, because of the alleged and specified irregularity. Then, too, the laches is not excused because it occurred during a period which was utilized in the making of motions and taking of appeals which were futile in themselves, and which proceeded upon a recognition of regularity, and the desire to be relieved as matter of favor.

We think, however, that the present motion was properly denied upon the merits. There was in fact no irregularity. The fallacy of the appellants' contention, throughout, consists in the assumption that Whiton's original application was a mere interlocutory motion in the proceeding, and that the only relief which the petitioner could have thereon, in case of Whiton's default, was a dismissal of such motion. The true view of Whiton's application is that it was an application for a final order in this special proceeding. Of course, the final order that he desired and demanded was a final order dismissing the proceeding. But it was none the less an application for a final hearing of the entire proceeding. When that application was brought on, all parties in interest were before the court, and the hearing was regularly adjourned to a later day. At this point the court took jurisdiction of the application, and acted upon it preliminarily. All parties were heard upon the application for the postponement. Thus, when the matter came up upon the adjourned day, the proceeding was regularly before the court, as a court of equity, for final hearing and disposition. It was there for final judgment; that is, for a final order,—for a final order of dismissal, or a final order of dissolution, as the court should determine. After one of the parties had moved for a final order such as he desired, and after an adjournment of that application in the presence of, and after hearing, all the parties to the special proceeding, it was not necessary for any of the other parties to serve a notice of motion for such final order of a different character as he desired. The adjournment being thus had for the purpose of a final hearing, the whole matter was before the court, and came up, as unfinished business, upon the adjourned day. Thereafter the court had full power, without further notice, to proceed to grant such final order, either way, as it deemed just. By the adjournment the parties agreed, in substance, to proceed to a final hearing of the special proceeding upon the adjourned day; and whatever judgment was then pronounced—whether a judgment of dismissal or a judgment of dissolution—was at least regular.

That disposes of this appeal. There is also an appeal from an order directing the receiver to sell the property. This order was clearly proper. It is, indeed, quite time that this property should be sold, and the corporation wound up. There has already been too much vexatious delay in the proceeding.

Both orders should therefore be affirmed, with $10 costs of each appeal, and disbursements.